IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARINA GENTILE and ALAN ALFORD, ) | CIVIL NO. 17-10528 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| RED JACKET BEACH, L.P.; GALLAGHER ) | AMENDED COMPLAINT |
| BASSETT SERVICES, INC.; DOE ENTITIES ) | |
| 1 - 3; and JOHN/JANE DOES 1 and 2, ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

### PARTIES

1. Plaintiff Marina Gentile is an individual who resides in Riverside, Connecticut, at all relevant times herein [hereinafter "Plaintiff Gentile"].

2. Plaintiff Alan Alford is an individual who resides in Riverside, Connecticut, at all relevant times herein [hereinafter "Plaintiff Alford"].

3. Plaintiffs Marina Gentile and Alan Alford were married at all times relevant hereto.

4. Defendant Red Jacket Beach, L.P. ("Defendant Red Jacket"), is a Limited Partnership operating the business/establishment known as the Red Jacket Beach Resort, located at 1 South Shore Drive, South Yarmouth, Massachusetts at the time of the incident [collectively "Defendant Red Jacket Beach Resort" or "Defendant Red Jacket"].

5. Defendant Gallagher Bassett Services, Inc. ("Gallagher Bassett"), is a foreign corporation incorporated under the laws of the State of Delaware, and registered in Massachusetts, which has a principal address located at Two Pierce Place, Itasca, Illinois. Gallagher Bassett's resident agent for service of process in Massachusetts is Prentice-Hall Corporation System, Inc., located at 84 State Street, Boston, Massachusetts.

6. Defendant Doe Entities 1 through 3 is/are the applicable insurer[s] for Defendant Red Basket, L.P.

7. Defendants John and/or Jane Doe 1 and 2, are and/or were individuals and/or managers, employees, servants, and/or agents of one or both of the Defendants, at relevant times herein.

## JURISDICTION

8. This Court has jurisdiction over this matter as a diversity case under 28 U.S.C. §1332.

## FACTS

9. On or about September 20, 2014, Plaintiff Marina Gentile together with her husband, Plaintiff Alan Alford, and their family, booked, registered, and stayed as paying guests in Unit No. 151, in the Red Jacket Beach Resort, located at 1 South Shore Drive, South Yarmouth, Massachusetts [hereinafter "the Unit"].

10. Plaintiffs are informed and believe, and thereupon allege, that Defendant Red Jacket owns the real property occupied by the Red Jacket Beach Resort.

11. Plaintiffs are informed and believe, and thereupon allege, that Defendant Red Jacket operates and manages the Red Jacket Beach Resort.

12. Plaintiffs are informed and believe, and thereupon allege, that Defendant Gallagher Bassett is the agent responsible for handling all claims, including investigation, recommendations, response, and payment or denial, of personal injury and property damages asserted against Defendant Red Jacket.

13. On or about the morning of September 20, 2014, Plaintiffs left their room to attend a family gathering, returning later that date.

14. On or about September 20, 2014, while Plaintiffs were out of the room, Defendant John or Jane Doe 1, whose first name has been indicated as "Chris," was in Plaintiffs' room in order to repair and/or fix, *inter alia*, an overflowing toilet, including carpet and floor cleaning and disinfecting with unidentified cleaning solutions.

15. Prior to Plaintiffs returning to the Unit, John or Jane Doe 1 failed to notify Plaintiffs that their toilet had overflowed onto the Unit's bathroom floor and out the bathroom door into the main area of the Unit.

16. On or about September 20, 2014, Defendant John or Jane Doe 1 fixed and otherwise stopped the toilet from overflowing further, and then cleaned the carpet and disinfected the tile in the bathroom with some unidentified cleaner/disinfectant, while Plaintiffs were out of the Unit, and without their knowledge.

17. The heretofore mentioned "unidentified cleaner/disinfectant" left a slippery and slick

film on the bathroom floor, and left the floor beyond the entrance to the bathroom damp with water and/or said cleaner.

18. Defendant Red Jacket, and its employees, agents, and/or contractors, failed to place warning cones or warning signs in the Unit's bathroom or at the entrance to the Unit's bathroom, regarding the prior overflow of the toilet or the subsequent clean-up.

19. On or about September 20, 2014, Defendant John or Jane Doe 2 was working, managed, and/or otherwise supervised Defendant John or Jane Doe 1, and had, or should have had, knowledge of the toilet overflowing into the Unit, and the subsequent clean-up by Defendant John or Jane Doe 1, and similarly failed to notify Plaintiffs prior to their entry back into the Unit.

20. On or about September 20, 2014, Plaintiff Gentile returned to the room and walked into the bathroom, whereupon she slipped and fell on the tile floor. [Hereinafter, "Incident"]

21. The cause of Plaintiff Gentile's aforementioned slip and fall was the slick and slippery film of cleaner/disinfectant left on the Unit's bathroom floor, and otherwise on the floor immediately outside the Unit's bathroom entrance, about which Defendant Red Jacket failed to warn Plaintiff Gentile.

22. On or about September 20, 2014, the aforementioned slip & fall incident was reported by Plaintiffs to Defendant Red Jacket.

23. Plaintiff Gentile was taken by ambulance to Cape Cod Hospital because of and subsequent to the incident.

24. As a direct and proximate result of the incident, Plaintiff Marina Gentile suffered painful and ongoing physical injuries, as well as permanent scarring, *inter alia*.

25. To date, the special damages associated with Plaintiff Gentile's physical and psychological injuries is approximately $ 98,000.00, with further medical treatments expected to be incurred, the exact amount to be proven at trial.

26. Plaintiff also suffered damage to her personal property in excess of $1,000.00, the exact amount to be proven at trial.

27. Plaintiff also suffered lost wages in the approximate amount of $65,000.00, the exact amount to be proven at trial.

28. Plaintiff suffered, and continues to suffer severe emotional distress arising from the incident, as well as Defendants' handling of her claim from the incident, in the amount of at least $500,000.00, the exact amount to be proven at trial.

3

## COUNT I
### (Respondeat Superior - John/Jane Doe 1)

29. Plaintiffs repeat and re-allege paragraphs 1 through 29, as if fully set forth herein.
30. On or about September 20, 2014, Defendant John/Jane Doe 1 worked at the Red Jacket Beach Resort and cleaned the Unit, and at all times was as an agent, servant, contractor, and/or employee of the Defendant Red Jacket.
31. As a direct and proximate result of the negligence and consequent causation of damages towards Plaintiffs, of its agent, servant, contractor, and/or employee, Defendant Red Jacket is responsible for the negligent and/or recklass acts of Defendant John/Jane Doe 1.

## COUNT II
### (Respondeat Superior - John/Jane Doe 2)

32. Plaintiffs repeat and re-allege paragraphs 1 through 31 as if fully set forth herein.
33. On or about September 20, 2014, Defendant John/Jane Doe 2 worked at the Red Jacket Beach Resort and supervised Defendant John/Jane Doe 2 who cleaned the Unit, and at all times was as an agent, servant and or employee of Defendant Red Jacket.
34. As a direct and proximate result of the negligence and consequent causation of damages towards Plaintiffs, of its agent, servant, contractor, and/or employee, Defendants Red Jacket is responsible for the negligent and/or reckless acts of defendant John/Jane Doe 2.

## COUNT III
### (Negligence Red Jacket Beach, L.P.)

35. Plaintiffs repeat and re-allege paragraphs 1 through 34, as if fully set forth herein.
36. On or about September 20, 2104, Plaintiffs were patrons/customers at the Red Jacket Beach Resort in South Yarmouth, Massachusetts.
37. On or about September 20, 2014, Defendant Red Jacket, was operating as a resort located at 1 South Shore Road, South Yarmouth, Massachusetts.
38. Defendant Red Jacket Beach Resort owed a duty of care and protection, including a duty to warn, to Plaintiffs while on its property and otherwise while customers of Defendant Red Jacket Beach Resort.
39. On or about September 20, 2014, Defendant Red Jacket Beach Resort, its owner, servant, employee and or agent, negligently and carelessly caused the toilet to overflow and/or cleaned the bathroom and surrounding floor of the Unit, causing a foreign slippery substance to remain on the floor, and without sufficient warning to Plaintiff Gentile.

40. As a direct and proximate result of Defendant Red Jacket Beach Resort's negligence, Plaintiff Gentile slipped and fell and was caused to sustain physical and emotional injuries, as well was property damage and lost wages, in amounts to be proved at trial.

## COUNT IV
### (Negligent Supervision Doe 2)

41. Plaintiffs repeat and re-allege paragraphs 1 through 40, as if fully set forth herein.
42. On or about September 20, 2014, Defendant John/Jane Doe 2 was a manager, agent, servant or employee of Defendant Red Jacket who was working on the Defendant Red Jacket's property located at 1 So. Shore Road, So. Yarmouth, Massachusetts.
43. On or about September 20, 2014, Defendant John/Jane Doe2 carelessly and negligently failed to supervise Defendant John/Jane Doe1 after Defendant John/Jane Doe1 cleaned the bathroom of the Plaintiffs' rented room and allowed a foreign slippery substance to remain on the floor with any warning to Plaintiff.
44. As a direct and proximate result of Defendant John/Jane Doe 2's carelessness and negligence Plaintiff Gentile slipped and fell and was caused to sustain injuries, was caused to suffer and continues to suffer great pain of her body, was caused to incur lost wages, property damage, medical expenses, out of pocket expenses, and was caused to be unable to carry out her daily activities, all to her great damage, in amounts to be proven at trial

## COUNT V
### (Negligent Infliction of Emotional Distress)

45. Plaintiffs repeat and re-allege paragraphs 1 through 44, as if fully set forth herein.
46. On or about September 20, 2014, and all relevant times thereafter, the actions and omissions of Defendant Red Jacket Beach Resort, including John/Jane Doe1 and John/Jane Doe 2, breached its duty of care and protection towards Plaintiffs, including its duty to warn, and thereby and otherwise negligently inflicted emotional distress on Plaintiff Gentile.
47. As a direct and proximate cause of Defendant Red Jacket's negligent conduct, Plaintiff Gentile suffered, and continues to suffer, physical and emotional injuries and mental pain and anguish, and loss of property and income, incurred out of pocket expenses, and was caused to be unable to carry out her daily activities, all to her great damage, in amounts to be proven at trial.

## COUNT VI
### (Loss of Consortium)

48. Plaintiffs repeat and re-allege paragraphs 1 through 47, as if fully set forth herein.
49. As a direct and proximate result of his wife's injuries, plaintiff Alan Alford was caused to suffer a loss of consortium, society, companionship, and affection of his wife, in amounts to be proven at trial.

## COUNT VII
### (M.G.L. c. 93A and c. 176D)

50. Plaintiffs repeat and re-allege paragraphs 1 through 49, as if fully set forth herein.
51. Plaintiffs assert claims for violation of Mass. Gen. L. c.93A and c.176D against Red Jacket Beach Resort, as a self-insured entity, and against Defendant Gallagher Bassett, and Doe Entity 1, 2, and/or 3, for their unfair and deceptive acts, practices, and conduct in knowingly delaying Plaintiffs' claim, refusing to pay Plaintiffs' claim for personal and other injury, and failing to investigate fully and reasonably Plaintiffs' claim.
52. Defendant Red Jacket Beach Resort and Defendant Gallagher Bassett, and Doe Entity 1, 2, and/or 3's, acts, omissions, and conduct were made with the knowledge and intent to deceive and or deprive Plaintiffs from delaying the resolution of Plaintiffs' claims and otherwise refusing to settle claims for personal injuries when liability and causal relationship of her injuries were reasonably clear.
53. At all relevant times herein, to the extent not self-insured, Doe Entity 1, 2, and/or 3, insured Defendant Red Basket, and their respective officers, directors, and trustees.
54. At all times relevant herein, Plaintiffs were consumers and claimants, as defined in M.G.L. c. 93A and c. 176D.
55. On or about July 8, 2016, Plaintiffs, through their attorney, forwarded a demand letter, certified mail, to Defendant Gallagher Bassett pursuant to Massachusetts General Laws c.93A and c.176D to tender the amount of $750,000.00 in consideration of Plaintiffs' injuries and damages.
56. Despite repeated demand for Defendant Red Jacket Beach Resort's insurer, Plaintiffs were informed by Defendant Gallagher Bassett on or about 27 March 2017 that Defendant Red Jacket Beach Resort was self-insured.
57. Said demand letter complied with the requirements of Massachusetts General Laws c. 93A and c.176D that serve as prerequisites for seeking relief under those statutes.

58. On or about 18 August 2016, Defendant Gallagher Bassett, on behalf of itself, Defendant Red Jacket Beach Resort, and, if any, the insurers - Defendant Doe Entities 1, 2, and/or 3, through counsel, unreasonably denied Plaintiffs' demand.

**DEMAND FOR RELIEF**

A. Plaintiffs demand judgment against Defendant Red Basket, in the amount of Plaintiffs' special and general damages, together with interest and costs of this action, including attorney's fees and costs, and any other relief this Court deems equitable and just.

B. Plaintiffs demand an award of punitive damages in the amount of three times her actual damages because of Defendants' unfair and deceptive acts and practices pursuant to Mass. Gen. L. c. 93A and c. 176D, and additionally or otherwise award Plaintiffs their attorney's fees and costs, and any other relief this Court deems equitable and just.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

Respectfully submitted,

Plaintiffs Marina Gentile and Alan Alford,
By their attorneys,

/s/ Paul J. Anthony
Paul J. Anthony [BBO #630872]
426 Main Street, Suite 1
Stoneham, Massachusetts 02180
Office: 781-438-0555
E'Mail: Paul@PaulAnthonyLaw.com

DATED: 13 June 2017

/s/ Thomas F. Feeney
Thomas F. Feeney [BBO# 645605]
Feeney & Associates at Law
11 R South Street, 1st Floor
Rockport, Massachusetts 01966
Office: 978-309-8337
Mobile: 617-510-2750
E'Mail: Thomas@FeeneyatLaw.com

<u>Certificate of Service</u>

  I, Thomas F. Feeney, hereby certify that the foregoing document was served upon counsel for the named Defendants Red Jacket Beach, L.P. (Brian C. Davis, Esq., Melick & Porter, LLP, One Liberty Square, 7th Floor, Boston, MA, 02109) , and upon Gallagher Bassett, Inc., in this matter on the 14th day of June 2017 by U.S. Mail, First Class Postage, Prepaid. The Attorney for Defendant Red Jacket Beach, L.P., indicated to Plaintiffs' Counsel that he was authorized to accept service of the instant Amended Complaint on behalf of his client.

             _____/s/ Thomas F. Feeney_____