UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARINA GENTILE and ALAN ALFORD,

    Plaintiff,

v.

RED JACKET BEACH L.P.; GALLAGHER BASSETT SERVICES, INC.; DOE ENTITIES 1-3; and JOHN/JANE DOES 1 AND 2,

    Defendants.

C.A. NO. 17-10528

## DEFENDANT GALLAGHER BASSETT SERVICES, INC.'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AND JURY DEMAND

### FIRST DEFENSE

The plaintiffs' complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant Gallagher Bassett Services, Inc. (hereinafter, the "defendant"), responds to the plaintiffs' complaint, paragraph by paragraph, as follows:

### PARTIES

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the plaintiffs' complaint.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the plaintiffs' complaint.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the plaintiffs' complaint.

4. As the allegations contained in this paragraph of the plaintiffs' complaint refer to another defendant, no answer is required.

5. The defendant denies the allegations contained in this paragraph of the plaintiffs' complaint.

6. As the allegations contained in this paragraph of the plaintiffs' complaint refer to another defendant, no answer is required.

7. As the allegations contained in this paragraph of the plaintiff's complaint refer to another defendant, no answer is required.

## JURISDICTION AND VENUE

The defendant adopts by reference its responses to paragraphs 1 through 7 of the plaintiffs' complaint.

8. The defendant denies the allegations contained in this paragraph of the plaintiffs' complaint.

## FACTUAL ALLEGATIONS

The defendants adopt by reference its responses to paragraphs 1 through 8 of the plaintiffs' complaint.

9. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the plaintiff's complaint.

10. As the allegations contained in this paragraph of the plaintiffs' complaint appear to refer to another defendant, no answer is required.

11. As the allegations contained in this paragraph of the plaintiffs' complaint appear to refer to another defendant, no answer is required.

12. The defendant denies the allegations contained in this paragraph of the plaintiffs' complaint.

13. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the plaintiff's complaint.

14. As the allegations contained in this paragraph of the plaintiffs' complaint refer to another defendant, no answer is required.

15. As the allegations contained in this paragraph of the plaintiffs' complaint refer to another defendant, no answer is required.

16. As the allegations contained in this paragraph of the plaintiffs' complaint refer to another defendant, no answer is required.

17. As the allegations contained in this paragraph of the plaintiffs' complaint refer to another defendant, no answer is required.

18. As the allegations contained in this paragraph of the plaintiffs' complaint refer to another defendant, no answer is required.

19. As the allegations contained in this paragraph of the plaintiffs' complaint refer to another defendant, no answer is required.

20. The defendant denies the allegations contained in this paragraph of the plaintiffs' complaint.

21. As the allegations contained in this paragraph of the plaintiffs' complaint refer to another defendant, no answer is required.

22. As the allegations contained in this paragraph of the plaintiffs' complaint refer to another defendant, no answer is required.

23. The defendant denies the allegations contained in this paragraph of the plaintiffs' complaint.

24. The defendant denies the allegations contained in this paragraph of the plaintiffs' complaint.

25. The defendant denies the allegations contained in this paragraph of the plaintiffs' complaint.

26. The defendant denies the allegations contained in this paragraph of the plaintiffs' complaint.

27. The defendant denies the allegations contained in this paragraph of the plaintiffs' complaint.

28. The defendant denies the allegations contained in this paragraph of the plaintiffs' complaint.

## COUNT I

### (Respondeat Superior – John/Jane Doe 1)

29. The defendant adopts by reference its responses to paragraphs 1-28 of the plaintiff's complaint.

30. As the allegations contained in this paragraph of the plaintiffs' complaint refer to another defendant, no answer is required.

31. As the allegations contained in this paragraph of the plaintiffs' complaint refer to another defendant, no answer is required.

## COUNT II

### (Respondeat Superior – John/Jane Doe 2)

32. The defendant adopts by reference its responses to paragraphs 1 through 31 of the plaintiffs' complaint.

33. As the allegations contained in this paragraph of the plaintiffs' complaint refer to another defendant, no answer is required.

34. As the allegations contained in this paragraph of the plaintiffs' complaint refer to another defendant, no answer is required.

## COUNT III

### (Negligence Red Jacket Beach, L.P.)

35. The defendant adopts by reference its responses to paragraphs 1 through 34 of the plaintiffs' complaint.

36. As the allegations contained in this paragraph of the plaintiffs' complaint refer to another defendant, no answer is required.

37. As the allegations contained in this paragraph of the plaintiffs' complaint refer to another defendant, no answer is required.

38. The defendant adopts by reference its responses to paragraphs 1 through 37 of the plaintiffs' complaint.

39. As the allegations contained in this paragraph of the plaintiffs' complaint refer to another defendant, no answer is required.

40. As the allegations contained in this paragraph of the plaintiffs' complaint refer to another defendant, no answer is required.

## COUNT IV

### (Negligent Supervision Doe 2)

41. The defendant adopts by reference its responses to paragraphs 1 through 40 of the plaintiffs' complaint.

42. As the allegations contained in this paragraph of the plaintiffs' complaint refer to another defendant, no answer is required.

43. As the allegations contained in this paragraph of the plaintiffs' complaint refer to another defendant, no answer is required.

44. As the allegations contained in this paragraph of the plaintiffs' complaint refer to another defendant, no answer is required.

## COUNT V

### (Negligent Infliction of Emotional Distress)

45. The defendant adopts by references its responses to paragraphs 1 through 44 of the plaintiffs' complaint.

46. As the allegations contained in this paragraph of the plaintiffs' complaint refer to another defendant, no answer is required.

47. The defendant adopts by reference its responses to paragraphs 1 through 46 of the plaintiffs' complaint.

## COUNT VI

### (Loss of Consortium)

48. The defendant adopts by references its responses to paragraphs 1 through 47 of the plaintiffs' complaint.

49. As the allegations contained in this paragraph of the plaintiffs' complaint refer to another defendant, no answer is required.

## COUNT VII

### (M.G.L. c. 93A and c. 176D)

50. The defendant adopts by reference its responses to paragraphs 1 through 50 of the plaintiffs' complaint.

51. To the extent the allegations contained in this paragraph of the plaintiffs' complaint pertain to the defendant, it denies the allegations. To the extent the allegations pertain to another defendant, no answer is required.

52. To the extent the allegations contained in this paragraph of the plaintiffs' complaint pertain to the defendant, it denies the allegations. To the extent the allegations pertain to another defendant, no answer is required.

53. As the allegations in this paragraph of the plaintiffs' complaint pertain to another defendant, no answer is required.

54. The defendant denies the allegations contained in this paragraph of the plaintiffs' complaint.

55. The defendant denies the allegations contained in this paragraph of the plaintiffs' complaint.

56. The defendant denies the allegations contained in this paragraph of the plaintiffs' complaint.

57. The defendant denies the allegations contained in this paragraph of the plaintiffs' complaint.

58. The defendant denies the allegations contained in this paragraph of the plaintiffs' complaint.

**THIRD DEFENSE**

By way of affirmative defense, the defendant says that if the plaintiffs suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendant was not and is not legally responsible.

**FOURTH DEFENSE**

By way of affirmative defense, the defendant says that the action is barred by the applicable statute of limitations.

**FIFTH DEFENSE**

By way of affirmative defense, the defendant says that the plaintiffs cannot recover for the reason that they failed to give notice of the damages allegedly suffered by them to the defendant as required by the statutes of the Commonwealth of Massachusetts.

**SIXTH DEFENSE**

By way of affirmative defense, the defendant says that the complaint misnames the defendant.

**SEVENTH DEFENSE**

By way of affirmative defense, the defendant says that the plaintiffs released the defendants and that therefore the plaintiffs cannot recover.

**EIGHTH DEFENSE**

And further answering, the defendant says that the complaint should be dismissed pursuant to Rule 12(b)(4) for insufficiency of process.

**NINTH DEFENSE**

By way of affirmative defense, the defendant denies that liability, including both fault and damages, were reasonably clear in this action, and denies that it has engaged in any conduct which violates M.G.L. c. 93A.

**TENTH DEFENSE**

By way of affirmative defense, the defendant states it is not an entity subject to M.G.L. c. 176D.

## ELEVENTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiffs' complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, in so far as the plaintiffs claim relief pursuant to M.G.L. c. 93A.

## TWELFTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiffs have failed to comply with the notice requirements of M.G.L. c. 93A, § 9, wherefore the plaintiffs are barred from recovery.

## THIRTEENTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiffs are not entitled to any recovery under M.G.L. c. 93A for the reason that the transactions and actions set forth in the plaintiffs' complaint are permitted under laws of the Commonwealth of Massachusetts.

## FOURTEENTH DEFENSE

By way of affirmative defense, the defendant says that, to the extent required by statute, a reasonable offer of settlement was tendered, and therefore the plaintiffs are barred from recovery on the M.G.L. c. 93A count as limited by such statute.

WHEREFORE, the defendant demands that the complaint be dismissed and judgment entered in favor of the defendant with the costs and disbursements of this action.

## JURY DEMAND

The defendant demands a trial by jury as to all issues properly triable by jury.

Respectfully submitted,

THE DEFENDANT,
GALLAGHER BASSETT SERVICES, INC.

By Its Attorneys,

/s/ *Corey T. Mastin*
Lawrence F. Boyle, BBO #052680
lboyle@morrisonmahoney.com
Corey T. Mastin, BBO #684332
cmastin@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone: 617-439-7500
Fax: 617-342-4903

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 27, 2017

 /s/ *Corey T. Mastin*